UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**BRIDGESTONE AMERICAS TIRE OPERATIONS, LLC,**

  Plaintiff,

v.                                           No. 4:22-cv-0145-P

**SPEEDWAYS TYRES LIMITED ET AL.,**

  Defendants.

## MEMORANDUM OPINION AND ORDER

Before the Court are Plaintiff's First Motion to Dismiss and Strike (ECF No. 22), Plaintiff's Second Motion to Dismiss and Strike (ECF Nos. 32; 36), Defendant Speedways Tyres Limited's ("Speedways") Motion to Dismiss (ECF No. 30), and Defendants SWT Americas, SWT North American Operations, Speedways Tyres SWT Global Sales, and Route 66 Tire and Rubber's (collectively "SWT U.S.") Motion for Leave to File Second Amended Answer and Counterclaims (ECF No. 67). Having considered the Motions, related docket entries, and applicable law, the Court **DENIES** Plaintiff's First Motion to Dismiss and Strike as moot, **GRANTS** Plaintiff's Second Motion to Dismiss and Strike, **DENIES** Defendant Speedways Motion to Dismiss, and **GRANTS** Defendants SWT U.S.'s Motion for Leave.

## BACKGROUND

Plaintiff Bridgestone Americas Tire Operations, LLC ("Bridgestone") is the largest tire company in the world. ECF No. 1 at 5. It makes a wide range of tires, such as those for passenger, commercial, and off-the-road vehicles. *Id.* Among Bridgestone's off-the-road tires is its Champion Hydro ND tire. *Id.* at 6. The tire is used for irrigation systems and features a non-directional-tread pattern for equal traction in forward

and reverse directions. *Id.* To protect its non-directional-tire technology, Bridgestone obtained U.S. Patent No. 9,873,291 ("the '291 Patent"). *Id.*

Defendants make and sell a tire like Bridgestone's Champion Hydro ND tire—the Agristorm nD2 tire. *Id.* at 7–10. Defendant Speedways manufactures the Agristorm nD2 tire. *Id.* at 8. Defendant Speedways Rubber then imports the tire to Defendants SWT U.S. *Id.* at 4.

Bridgestone contends that the Agristorm nD2 tire copies the invention claimed in the '291 Patent and thus sued Defendants for patent infringement. *Id.* at 10. In response, Defendants SWT U.S. filed an answer asserting various affirmative defenses and three counterclaims. ECF No. 19. Bridgestone filed its First Motion to Dismiss and Strike Defendants SWT U.S.'s patent-misuse counterclaim and affirmative defense shortly after. ECF No. 22. As a result, Defendants SWT U.S. amended their answer by adding their patent-misuse counterclaim allegations to their patent-misuse defense. ECF No. 28. Bridgestone asserted its Second Motion to Dismiss due to Defendants SWT U.S.'s amended answer. ECF No. 32. Defendants SWT U.S. then moved for leave to amend its answer again. ECF No. 67. Defendant Speedways also moved to dismiss Bridgestone's complaint for failure to state a claim, contending it was a wrongfully named defendant. ECF No. 30.

There are thus four motions before the Court: (1) Bridgestone's First Motion to Dismiss and Strike; (2) Bridgestone's Second Motion to Dismiss and Strike; (3) Defendants SWT U.S.'s Motion for Leave to Amend; and (4) Defendant Speedways's Motion to Dismiss. The Court addresses each in turn.

## LEGAL STANDARD

### A. Failure to State a Claim

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

(2007)). The Court accepts all well-pleaded facts as true, drawing all inferences in favor of and viewing all facts in the light most favorable to the nonmoving party. *Club Retro, L.L.C. v. Hilton*, 568 F.3d 181, 194 (5th Cir. 2009).

## B. Motion to Strike

Under Rule 12(f) of the Federal Rules of Civil Procedure, the Court may strike "from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). Striking a defense is a drastic remedy and is generally disfavored. *United States v. Coney*, 689 F.3d 365, 379 (5th Cir. 2012). That said, striking "a defense is proper when the defense is insufficient as a matter of law." *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982). And the decision to do so is within the Court's discretion. *S.E.C. v. Cuban*, 798 F. Supp. 2d 783, 787 (N.D. Tex. 2011) (Fitzwater, J.).

## ANALYSIS

## A. Bridgestone's First Motion to Dismiss and Strike

After Bridgestone filed its First Motion to Dismiss and Strike, Defendants SWT U.S. amended their answer—adding the allegations supporting their patent-misuse counterclaim to also support their patent-misuse affirmative defense. ECF No. 28. As a result of the new answer, Bridgestone filed its Second Motion to Dismiss and Strike for the same reasons as its first.

An amended complaint generally renders pending motions moot. *See Stredwick v. Dall. Margarita Soc'y, Inc.*, No. 3:12-CV-623, 2012 WL 12893430, at *1 (N.D. Tex. June 27, 2012) (Furgeson, J.); *see, e.g.*, *Garza-Selcer v. 1600 Pac. Subtenant, LLC*, No. 3:15-CV-03791, 2016 WL 11474103, at *2 (N.D. Tex. Aug. 30, 2016) (Godbey, J.) ("When a motion to dismiss is filed against a superseded complaint, courts ordinarily deny the motion as moot."). The same is true for an amended answer. *See Mangum v. United Parcel Servs.*, No. 3:09-CV-0385, 2009 WL 2700217, at *1 (N.D. Tex. Aug. 26, 2009) (Fitzwater, J.). Because

3

Defendants SWT U.S. amended their answer after Bridgestone's First Motion to Dismiss and Strike, that Motion is thus **DENIED as moot**.

## B. Bridgestone's Second Motion to Dismiss and Strike

Bridgestone's Second Motion to Dismiss and Strike mirrors its First Motion to Dismiss and Strike. In its second motion, Bridgestone contends that Defendants SWT U.S.'s patent-misuse counterclaim should be dismissed because patent misuse is only an affirmative defense, not an independent cause of action. ECF No. 32 at 5–7. Bridgestone also argues that SWT U.S.'s patent-misuse affirmative defense should be struck. *Id.* at 7–11. The Court addresses both arguments in turn.

### 1. Patent-Misuse Counterclaim

Bridgestone contends that Defendant SWT U.S.'s patent-misuse counterclaim should be dismissed for failure to state a claim. The Court agrees.

A patent holder misuses a patent by "impermissibly broadening the physical or temporal scope of the patent grant with anticompetitive effect." *Princo Corp. v. Int'l Trade Comm'n*, 616 F.3d 1318, 1328 (Fed. Cir. 2010) (cleaned up). "A successful invocation of the doctrine of patent misuse results in the patent being rendered unenforceable until the misuse is purged (i.e., the abusive licensing term or contract condition is withdrawn), but does not give rise to an award of damages to the accused infringer." *L-3 Commc'ns Corp. v. Jaxon Eng'g & Maint., Inc.*, No. 10-CV-02868-MSK-KMT, 2013 WL 1231875, at *5 (D. Colo. Mar. 27, 2013). "An infringer who successfully demonstrates misuse might be entitled to a declaratory judgment that patent misuse has occurred, but any subsequent relief (such as damages incurred by the infringer pursuant to such misuse) must be sought through a separate substantive claim." *Id.* at n.2.

Defendants SWT U.S.'s patent-misuse counterclaim seeking damages in the form of attorney fees "does not appear to be the proper invocation of that doctrine." *Id.* As a result, the Court ordered briefing on whether Defendants SWT U.S. should be given leave to assert its

4

patent-misuse counterclaim as an affirmative declaratory judgment claim rather than a claim for damages. ECF No. 61. Bridgestone responded, arguing that leave is not appropriate because patent misuse is only an affirmative defense and cannot be asserted as an affirmative declaratory judgment claim. ECF No. 64. But the Court disagrees.

It is true that patent misuse is "generally treated as an affirmative defense and not an independent cause of action." *Icon Health & Fitness v. Pednar Prod.*, No. 1:13-CV-152 TS, 2014 WL 1783986, at *2 (D. Utah May 5, 2014). But courts have "allowed patent misuse as an affirmative declaratory judgment claim." *Id.*; *see also L-3 Commc'ns Corp.*, 2013 WL 1231875, at *5 ("An infringer who successfully demonstrates misuse might be entitled to a declaratory judgment that patent misuse has occurred.").

In any event, Defendants SWT U.S.—in response to the Court's briefing request—agree that their patent-misuse counterclaim cannot be asserted as an affirmative claim for damages and "do not seek leave to amend their counterclaims to seek declaratory relief." ECF No. 62 at 1–2. Bridgestone's Second Motion to Dismiss Defendants SWT U.S.'s patent-misuse counterclaim is thus **GRANTED**.

2. Patent-Misuse Affirmative Defense

Bridgestone next moves to dismiss or strike Defendants SWT U.S.'s patent-misuse affirmative defense. Because "answers and affirmative defenses are not dismissed, traditionally, but rather stricken, in the context of affirmative defenses," the Court only considers whether Defendants SWT U.S.'s affirmative defense should be struck under Rule 12(f). *Wyndham Vacation Ownership, Inc. v. Slattery, Sobel & Decamp, LLP*, No. 6:19-CV-1908-WWB-EJK, 2021 WL 4948122, at *2 (M.D. Fla. Oct. 7, 2021); *see also* § 1381 MOTION TO STRIKE—INSUFFICIENT DEFENSE, 5C FED. PRAC. & PROC. CIV. § 1381 (3d ed.) ("[A] motion to dismiss the answer on the ground that it states an insufficient defense no longer is the proper procedure for eliminating a particular defense.").

"Patent misuse is an affirmative defense to an accusation of patent infringement." *See Va. Panel Corp. v. MAC Panel Co.*, 133 F.3d 860, 868 (Fed. Cir. 1997). The defense generally applies if the patent holder

"impermissibly broaden[s] the physical or temporal scope of the patent grant with anticompetitive effect." *Princo Corp.*, 616 F.3d at 1328 (cleaned up). Congress, however, has identified certain practices that are statutorily exempt from that general rule. *See* 35 U.S.C. § 271(d).

Defendants SWT U.S. contend that Bridgestone has engaged in patent misuse by bringing a patent-infringement lawsuit against them that is baseless, in bad faith, and for the anticompetitive purpose of suing its competitors. ECF No. 28 at 7–8. Such allegations of patent misuse rely on the bad-faith theory of patent enforcement. *Signify N. Am. Corp. v. Reggiani Lighting USA, Inc.*, No. 18 CIV. 11098, 2020 WL 1331919, at *8 (S.D.N.Y. Mar. 23, 2020). District courts, however, disagree on whether patent misuse can be pled on a theory of bad faith.[1] This Court adds to the disagreement and holds that patent misuse cannot be pled on a theory of bad faith for two reasons.

*First*, the bad-faith theory conflicts with the text of 35 U.S.C. § 271(d). It provides that "[n]o patent owner otherwise entitled to relief for infringement or contributory infringement of a patent shall be denied relief or deemed guilty of misuse" when it "[seeks] to enforce [its] patent rights against infringement or contributory infringement." *Id.* § 271(d)(3). Thus, if a defendant infringes on a plaintiff's patent, the plaintiff is not guilty of patent misuse by suing the defendant. The text provides no exception for suits brought in bad faith. 271(d)(3). And the Court is "not at liberty to engraft onto the statute an exception Congress chose not to create." *Honig v. Doe*, 484 U.S. 305, 325 (1988).

*Second*, the bad-faith theory conflicts with Federal Circuit precedent. *See Signify N. Am. Corp.*, 2020 WL 1331919, at *8; *Pace Int'l, LLC v. Indus. Ventilation, Inc.*, No. C08–1822RSL, 2009 WL 2460999, at *1 (W.D. Wash. Aug. 6, 2009) ("[T]he Federal Circuit has determined that

---

[1] *Compare ESCO Corp. v. Cashman Equip. Co.*, 158 F. Supp. 3d 1051, 1067–68 (D. Nev. 2016); *Nalco Co. v. Turner Designs, Inc.*, No. 13 Civ. 2727 (NC), 2014 WL 645365, at *10 (N.D. Cal. Feb. 19, 2014) *Cadence Pharm., Inc. v. Paddock Labs., Inc.*, 2012 WL 4565013, at *6–9, *with Signify N. Am. Corp.*, 2020 WL 1331919, at *8–9; *Duke Univ., Allergan, Inc. v. Akorn, Inc.*, No. 318CV14035BRMTJB, 2019 WL 4410284, at *12 (D.N.J. Sept. 16, 2019); *Otsuka Pharm. Co. v. Torrent Pharm. Ltd., Inc.*, 118 F. Supp. 3d 646, 659 (D.N.J. 2015); *GoDaddy.com, LLC v. RPost Commc'ns Ltd.*, No. 14-126, 2014 WL 6908507, at *5 (D. Ariz. Dec. 9, 2014).

allegations of wrongful enforcement are insufficient to establish patent misuse.") The theory of bad faith arose in *Glaverbel Societe Anonyme v. Northlake Mktg. & Supply, Inc.*, 45 F.3d 1550 (Fed. Cir. 1995). The court there held that "[t]he bringing of a lawsuit to enforce legal rights does not of itself constitute violation of the antitrust laws or patent misuse; there must be bad faith and improper purpose in bringing the suit, in implementation of an illegal restraint of trade." *Glaverbel*, 45 F.3d at 1558. But the Federal Circuit changed its tune a few years later and clarified that "[i]t is not patent misuse to bring suit to enforce patent rights not fraudulently obtained." *C.R. Bard, Inc. v. M3 Sys.*, Inc., 157 F.3d 1340, 1373 (Fed. Cir. 1998). In other words, it is not patent misuse for a plaintiff to sue a defendant if the plaintiff is not suing to enforce fraudulently obtained patent rights.

Because Defendants SWT U.S. do not allege that Bridgestone sued to enforce fraudulently obtained patent rights, Bridgestone's Motion to Strike is **GRANTED**.

## C. Defendants SWT U.S.'s Motion for Leave to Amend

While Defendants SWT U.S.'s patent-misuse affirmative defense is struck, the Court finds no substantial reason to deny Defendants SWT U.S. leave to amend their patent-misuse defense. *See Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872 (5th Cir. 2000) (explaining timely motion for leave to amend should be granted unless there is a "substantial reason" to deny leave to amend). Defendants SWT U.S.'s Motion for Leave to Amend is thus **GRANTED.**

Defendants SWT U.S.'s second amended answer must be filed within 21 days of this order and, if possible, correct the deficiencies of their patent-misuse affirmative defense identified in this memorandum opinion and order. *See, e.g.*, *E.E.O.C. v. Courtesy Bldg. Servs., Inc.*, No. 3:10-CV-1911-D, 2011 WL 208408, at *5 (N.D. Tex. Jan. 21, 2011). If Defendants SWT U.S. do not replead their patent-misuse defense, the defense will stand stricken. But if they do replead and Bridgestone has grounds to do so, it may move again for relief under Rule 12(f).

## D. Defendant Speedways's Motion to Dismiss

7

Defendant Speedways moved to dismiss Bridgestone's complaint for failure to state a claim, arguing that it was wrongfully named as a party. In support of this argument, Defendant Speedways relies on a declaration that it "does not manufacture, sell, market or import into the United States any of the allegedly infringing agricultural tires—it makes only bicycle tires and tubs." ECF No. 30 at 2. "But the Court cannot consider [Defendant's] evidence at the motion to dismiss stage and declines to convert [Defendant's] motion to dismiss into [a] motion for summary judgment." *Salinas v. Loud*, No. 4:22-CV-0837-P, 2022 WL 17669724, at *2 (N.D. Tex. Dec. 14, 2022) (Pittman, J.); *Collins v. Morgan Stanley Dean Witter,* 224 F.3d 496, 498–99 (5th Cir. 2000) (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993) ("In ruling on a 12(b)(6) motion, documents outside of a plaintiff's complaint are only considered 'if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'")

And even if the Court could consider Defendant Speedways's Declaration, it does not affect whether Bridgestone has alleged sufficient facts at this stage of the case "to state a claim to relief that is plausible on its face." *Ashcroft*, 556 U.S. at 678. Defendant Speedways does not dispute that Bridgestone's complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp.*, 550 U.S. at 570). And having reviewed Bridgestone's complaint, the Court agrees. Defendant Speedways's Motion to Dismiss is thus **DENIED**.

## CONCLUSION

Accordingly, the Court **DENIES** Bridgestone's First Motion to Dismiss and Strike as moot, **GRANTS** Bridgestone's Second Motion to Dismiss and Strike, **GRANTS** Defendants SWT U.S.'s Motion for Leave, and **DENIES** Defendant Speedways's Motion to Dismiss.

**SO ORDERED** on this **20th day of March 2023**.

_____
Mark T. Pittman
UNITED STATES DISTRICT JUDGE

8