UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**BRIDGESTONE AMERICAS TIRE OPERATIONS, LLC,**

  Plaintiff,

v.                                                   No. 4:22-cv-0145-P

**SPEEDWAYS TYRES LIMITED ET AL.,**

  Defendants.

## MEMORANDUM OPINION & ORDER

Before the Court are Plaintiff's Motion to Dismiss Defendants Speedway Rubber Co. Ltd.'s, SWT Americas, SWT North American Operations, Speedways Tyres SWT Global Sales, and Route 66 Tire and Rubber's ("SWT Defendants") and Speedways Tyres Limited's (collectively "Defendants") Unenforceability Counterclaim Based on Inequitable Conduct and Strike the Corresponding Defense and Motion to Strike Certain Portions of Defendants' Pleadings (ECF Nos. 88, 90, and 93, respectively).[1] Defendants filed a collective response (ECF No. 100). And Plaintiff filed a collective reply (ECF No. 110). Having considered the Motions, related docket entries, and applicable law, the Court **GRANTS** Plaintiff's Motions.

## LEGAL STANDARD

### A. Failure to State a Claim

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

---

[1] Because Plaintiff's Motions to Dismiss and Motions to Strike are substantively the same, the Court will only refer to ECF No. 88.

(2007)). The Court accepts all well-pleaded facts as true, drawing all inferences in favor of and viewing all facts in the light most favorable to the nonmoving party. *Club Retro, L.L.C. v. Hilton*, 568 F.3d 181, 194 (5th Cir. 2009).

### B. Motion to Strike

Under Rule 12(f) of the Federal Rules of Civil Procedure, the Court may strike "from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). Striking a defense is a drastic remedy and is generally disfavored. *United States v. Coney*, 689 F.3d 365, 379 (5th Cir. 2012). That said, striking "a defense is proper when the defense is insufficient as a matter of law." *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982). And the decision to do so is within the Court's discretion. *S.E.C. v. Cuban*, 798 F. Supp. 2d 783, 787 (N.D. Tex. 2011) (Fitzwater, J.).

## ANALYSIS

### A. Bridgestone's Motion to Dismiss

Bridgestone moves to dismiss Defendants' unenforceability counterclaim based on inequitable conduct and strike the corresponding defense. ECF No. 88 at 6–10. The basis of Defendants' inequitable conduct claim is that Bridgestone failed to "disclose" three prior art documents to the Patent and Trademark Office ("PTO") in an "intentional effort to hide the most relevant patent references among a sea of less relevant material" from the Examiner and that Bridgestone intentionally improperly identified the inventors during the prosecution of the application that resulted in the issuance of U.S. Patent No. 9,873,291 ("the '291 Patent"). ECF No. 88 at 8, 10.

Inequitable conduct is an equitable defense to patent infringement that, if proved, bars enforcement of a patent. *Therasense, Inc. v. Becton, Dickinson & Co.*, 649 F.3d 1276, 1285 (Fed. Cir. 2011). The elements of inequitable conduct are intent and materiality. *Id.* at 1287. For the latter, the Federal Circuit has held that "the materiality required to establish inequitable conduct is but-for materiality[,]" *e.g.*, "[w]hen an applicant fails to disclose prior art to the PTO, that prior art is but-for

2

material if the PTO would not have allowed a claim had it been aware of the undisclosed prior art." *Id.* at 1291.

The Federal Circuit explained that "'inequitable conduct, while a broader concept than fraud, must be pled with particularity' under Rule 9(b)." *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1326 (Fed. Cir. 2009) (quoting *Ferguson Beauregard/Logic Controls, Div. of Dover Resources, Inc. v. Mega Sys., LLC*, 350 F.3d 1327, 1344 (Fed. Cir. 2003)). The Federal Circuit also held that pleading inequitable conduct under Rule 9(b) "requires identification of *the specific who, what, when, where, and how of the material misrepresentation or omission* committed before the PTO." *Exergen*, 575 F.3d at 1328 (emphasis added). The Federal Circuit further held that:

> Moreover, although "knowledge" and "intent" may be averred generally, a pleading of inequitable conduct under Rule 9(b) must include sufficient allegations of underlying facts from which a court may reasonably infer that a specific individual (1) knew of the withheld material information or of the falsity of the material misrepresentation, and (2) withheld or misrepresented this information with a specific intent to deceive the PTO.

*Id.*

Bridgestone argues that Defendants' inequitable conduct pleadings are deficient for five reasons: (1) "why" and "how": they do not identify particular claim limitations that are absent from the record; (2) "what" and "where": they fail to identify which claim limitations the withheld references are relevant to and where in those references the material is found; (3) "who": it does not specifically name a person who defrauded the PTO, but only refers to "Plaintiff's patent prosecution counsel"; (4) "but-for materiality": Defendants' pleadings contain "no substance whatsoever regarding 'but-for materiality' of the three references"; and (5) "intent to mislead": Defendants only allege that prosecution counsel attempted to bury the Examiner with less relevant references, but that is insufficient to show that any person "acted with the requisite state of mind." ECF No. 88 at 8–10.

Defendants respond to each point as follows: (1) "who": it is not necessary to identify the prosecution counsel by his proper name; (2)

3

"<u>what</u>": prosecution counsel submitted over 150 patent references and 50 other publications; (3) "<u>when</u>": "when" is during prosecution and specific calendar dates are unnecessary; (4) "<u>where</u>": submitting those references to the PTO; (5) "<u>intent to mislead</u>": may be pled "generally" and, in this case, prosecution counsel knew of these references as they were cited in related patents; and (6) "<u>but-for materiality</u>": the Examiner would have "lost sight of" the three material references "among a sea of less relevant material[,]" and "therefore would have been unlikely to have focused on them in deciding to issue the patent, which otherwise would not have issued." ECF No. 100 at 5–6.

In its reply, Plaintiff responds to each point as follows: (1) "<u>who</u>": it is insufficient to only refer to "Plaintiff's patent prosecution counsel" at one of three law firms without further specificity; (2) "<u>how</u>": Defendants do not attempt to rebut Bridgestone's argument that their pleadings do not identify which claim limitations the withheld references are relevant to; (3) "<u>what and where</u>": this requirement is not concerned with what counsel did or where references were submitted, but which claim limitations the withheld references are relevant to and where in those references the material is found; (4) "<u>intent to mislead</u>": Defendants' pleadings fail to address this factor; and (5) "<u>but-for materiality</u>": Defendants' argument that prosecution counsel "made what appears to be an intentional effort to hide the most relevant patent references among a sea of less relevant material," is "rank speculation with no supporting facts, and unsupported by any legal authority." ECF No. 110 at 4–6.

For improper inventorship, Bridgestone points out that Defendants do not address this issue in their response. *Id.* at 6.

After reviewing the parties' arguments and the applicable law, the Court concludes that Defendants have failed to adequately plead the elements required for inequitable conduct for four reasons.

*First*, Defendants fail to adequately plead "<u>what and where.</u>" The former focuses on which claim limitations the withheld references are relevant to, while the latter focuses on where in those references the relevant information is found. *Exergen*, 575 F.3d at 1329 ("the pleading

4

fails to identify which claims, and which limitations in those claims, the withheld references are relevant to, and where in those references the material information is found—i.e., the 'what' and 'where' of the material omissions."). In other words, the "what and where" focuses on the asserted patent and the allegedly relevant prior art, not what counsel did or where references were submitted as Defendants argue.

*Second*, Defendants' "but-for materiality" allegation is insufficient because Defendants do not plead any facts that indicate that "but-for" the prosecuting attorney's actions, "the PTO would [] have allowed a claim." *Therasense*, 649 F.3d at 1291. Although Defendants argue the prosecuting attorney tried to hide the most relevant patent references among a sea of less relevant material, an applicant also has a duty to disclose "all information known to that individual to be material to patentability[.]" 37 C.F.R. § 1.56. In other words, Defendants' allegations that the prosecuting attorney attempted to bury the Examiner with less relevant references is not persuasive because disclosure of hundreds of patents and publications is also entirely consistent with the Applicants fulfilling their duty to disclose "all information known . . . to be material to patentability[.]" Nor do Defendants allege any facts that the Examiner would not have allowed the claim upon reviewing these references. Because Defendants allege no other facts beyond what the Applicants had a *duty to do* or that the PTO would not have issued these claims otherwise, the Court concludes that the allegation in Defendants' pleading on "but-for materiality" is inadequate.

*Third*, while "intent to mislead" may be pled "generally," Defendants neither allege that the prosecuting attorney "withheld or misrepresented [the three prior art references] with a specific intent to deceive the PTO." *Exergen*, 575 F.3d at 1328. More specifically, Defendants do not allege that the prosecuting attorney did not disclose the three references in question nor that the prosecuting attorney misrepresented their contents. Rather, the basis for Defendants' "intent to mislead" allegation is that the prosecuting attorney attempted to hide these three prior art references in a sea of less material references. Because hiding references in a sea of other references is not

5

"with[olding] or misrepresent[ing]" prior art references and because Defendants do not provide any legal authority for the proposition that hiding material prior art references in a sea of other prior art references satisfies the "intent to mislead" element, the Court concludes that Defendants' allegation is inadequate.

Defendants' allegations are also inadequate for the reasons related to the "but-for materiality." As described above, because Defendants do not allege any facts beyond what the Applicants had a *duty to do*—let alone that would even generally show an intent to deceive—the Court concludes the allegation in Defendants' pleading regarding "intent to deceive" is inadequate.

*Fourth*, concerning the incorrect inventorship allegation, Defendants do not respond to Bridgestone's arguments in its response. As a result, the Court concludes that Defendants have abandoned that particular theory as a basis for their inequitable conduct allegation. *Arkansas v. Wilmington Tr. Nat'l Ass'n*, No. 3:18-CV-1481-L, 2020 WL 1249570, at * 5 (N.D. Tex. Mar. 16, 2020) (Lindsey, J.) ("[f]ailure of a party to respond to arguments raised in a motion to dismiss constitutes waiver or abandonment of that issue at the district court level.").

*   *   *

For the reasons above, the Court thus **GRANTS** Plaintiff's Motion to Dismiss Defendants' Unenforceability Counterclaim Based on Inequitable Conduct and Strike the Corresponding Defense (ECF Nos. 88, 90, 93).

## B. Bridgestone's Motion to Strike

Bridgestone moves to strike specific passages in Defendants' pleadings, under Rule 12(f), as "immaterial and/or impertinent allegations that have nothing to do with patent infringement issue or any sufficiently-pleaded defense." ECF No. 88 at 11.

A court should only grant a motion to strike "when the pleading to be stricken has no possible relation to the controversy." *Veranda Assocs., L.P. v. Hooper*, 496 F. App'x 455, 458 (5th Cir. 2012) (quoting *Augustus v. Bd. of Pub. Instruction*, 306 F.2d 862, 868 (5th Cir. 1962)).

Bridgestone argues that while Paragraph 10 (or Paragraph 11)[2] in Defendants' pleadings purports to relate to willful infringement, subsections d–f, j, k, m, and n are unrelated to this issue. ECF No. 88 at 11. Rather, Bridgestone asserts that these subsections "describe Bridgestone's alleged knowledge of the accused product and interactions between [Defendants] and Bridgestone relating to a potential commercial relationship, none of which is concerned with [Defendants'] knowledge of the patent or specific intent to infringe the '291 Patent." *Id.*

Bridgestone also argues that Paragraph 6 is dedicated to "making inflammatory allegations regarding Bridgestone's patent filing and prosecution that are unrelated to any issue still pending in the current litigation[,]" and appear to be a leftover from Defendants' patent-misuse arguments. *Id.* Defendants did not respond to this argument.

Defendants did, however, respond to Bridgestone's arguments about the subsections in Paragraph 10. They claim that these allegations are relevant as they "set out the 'history of how and when the Accused Product's design, manufacture, and consignment sales transpired *before* being notified by [Bridgestone] of the patent and [Bridgestone's] allegation of infringement, and the circumstances of that allegation being made" and whether this is an exceptional case. ECF No. 100 at 7 (emphasis in Defendants' brief).

In its reply, Bridgestone argues that it is only seeking to strike the portions that are unrelated to willful infringement. Bridgestone contends that (1) "knowledge and acquisition of the accused product (subparagraphs d and e) and the timing of these events as it relates to the filing of the application leading to the asserted patent (subparagraph f) have nothing to do with Defendants' specific intent to infringe," and (2) "[i]interactions between [the parties] regarding a Request for Quote (subparagraphs j, k, and m) and "Bridgestone's

---

[2] Paragraph 10 of Speedways Rubber Co. Ltd.'s First Amended Answer and Counterclaims, Paragraph 11 of SWT Defendants' Second Amended Answer and Counterclaims, and Paragraph 11 of Speedways Tyres Ltd.'s Answer and Counterclaims.

request for an organizational chart (subparagraph n) also have nothing with Defendants' intent to infringe. ECF No. 110 at 7–8.

After reviewing the parties' arguments and the applicable law, the Court concludes that subsections d–f, j, k, m, and n in Paragraph 10 (or Paragraph 11) and Paragraph 6 in Defendants' pleadings "ha[ve] no possible relation to the controversy." *Veranda*, 496 F. App'x at 458. For Paragraph 10 (or Paragraph 11), subsections d–f, j, and m, and n all describe actions that *Bridgestone* took, which is irrelevant to the elements of *Defendants'* willful infringement—(1) Defendants' knowledge of the '291 Patent or (2) Defendants' specific intent to infringe the patent. The only remaining subsection, subsection k, describes that Defendants' sent Bridgestone an "RFQ filled with sensitive, confidential details about [the Defendants]." While that subsection relates to an action Defendants took, it does not relate to either of the elements of willful infringement. For these reasons, the Court concludes that because subsections d–f, j, k, m, and n in Paragraph 10 (or Paragraph 11) "ha[ve] no possible relation to the controversy[,]" they should be stricken.

For Paragraph 6, Defendants do not respond to Bridgestone's arguments in its response. Thus, the Court concludes that Defendants have waived whether these paragraphs have a possible relation to the controversy. *Wilmington Trust*, No. 3:18-CV-1481-L, 2020 WL 1249570, at * 5 ("[f]ailure of a party to respond to arguments raised in a motion to dismiss constitutes waiver or abandonment of that issue at the district court level.").

\* \* \*

For the reasons above, the Court thus **GRANTS** Plaintiff's Motion to Strike subsections d–f, j, k, m, and n in Paragraph 10 (or Paragraph 11) and Paragraph 6 (ECF Nos. 88, 90, 93).

## CONCLUSION

Accordingly, the Court **GRANTS-IN-PART** ECF Nos. 88, 90, 93 as to Plaintiff's Motion to Dismiss Inequitable Conduct and Motion to

8

Strike Certain Paragraphs and **DENIES-IN-PART** as to Plaintiff's Motion to Strike Prosecution Laches.

**SO ORDERED** on this **9th day of August 2023**.

*[signature]*

Mark T. Pittman
UNITED STATES DISTRICT JUDGE